| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| Danelle M Lloyd SB #204327<br>Law Offices of Danelle M. Lloyd<br>4001 Inglewood Avenue Suite 101-274<br>Redondo Beach, CA 90278<br>(310) 219-1675<br>(866) 614-9992<br><br>*Attorney for* Plaintiff | |

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA

| In re: Mark Nuques,<br>                    Plaintiff<br><br>             vs.<br><br>Charter One Bank,<br>                    Defendant<br>                                                    Debtor. | CHAPTER 13th<br><br>CASE NUMBER 2:10-ap-01240-VZ<br>DATE: 6/22/10<br>TIME: 11am<br>COURTROOM: 1368 |
|---|---|

### NOTICE OF MOTION FOR:

Default Judgment against Charter One Bank

*(Specify name of Motion)*

1. TO: The Honorable Judge Zurzolo, Charter One Bank, and All Parties in Interest

2. NOTICE IS HEREBY GIVEN that on the following date and time and in the indicated courtroom, Movant in the above-captioned matter will move this Court for an Order granting the relief sought as set forth in the Motion and accompanying supporting documents served and filed herewith. Said Motion is based upon the grounds set forth in the attached Motion and accompanying documents.

3. **Your rights may be affected.** You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)

| Hearing Date: 6/22/10 | Time: 11am | Courtroom: 1368 | Floor: 13 |
|---|---|---|---|
| ☒ 255 East Temple Street, Los Angeles | | ☐ 411 West Fourth Street, Santa Ana | |
| ☐ 21041 Burbank Boulevard, Woodland Hills | | ☐ 1415 State Street, Santa Barbara | |
| ☐ 3420 Twelfth Street, Riverside | | | |

4. **Deadline for Opposition Papers:** This Motion is being heard on regular notice pursuant to Local Bankruptcy Rule 9013-1. If you wish to oppose this Motion, you must file a written response with the Bankruptcy Court and serve a copy of it upon the Movant or Movant's attorney at the address set forth above no less than fourteen (14) days prior to the above hearing date. If you fail to file a written response to this Motion within such time period, the Court may treat such failure as a waiver of your right to oppose the Motion and may grant the requested relief.

5. **Hearing Date Obtained Pursuant to Judge's Self-Calendaring Procedure:** The undersigned hereby verifies that the above hearing date and time were available for this type of Motion according to the Judge's self-calendaring procedures.

Dated: 5/19/10

Law Offices of Danelle M Lloyd
*Law Firm Name*

By: *[signature]*

Name: Danelle M Lloyd
*Attorney for Movant*

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                                                      F 9013-1.1

| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| DANELLE M LLOYD SB #204327<br>LAW OFFICES OF DANELLE M LLOYD<br>4001 INGLEWOOD AVENUE SUITE 101-274<br>REDONDO BEACH, CA 90278<br>(310) 219-1675<br>(866) 614-9992 - FAX<br><br>*Attorney for* DEBTOR | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| In re:<br>MARK NUQUES<br><br>Debtor(s). | |
|---|---|
| MARK NUQUES<br>Plaintiff(s),<br><br>vs.<br><br>CHARTER ONE BANK<br>Defendant(s). | CHAPTER: 13<br>CASE NO.: 2:10-bk-10937-VZ<br>ADVERSARY NO.: 2:10-ap-01240-VZ<br><br>(No Hearing Required) |

# MOTION FOR DEFAULT JUDGMENT
# UNDER LOCAL BANKRUPTCY RULE 7055-1

TO THE DEFENDANT, DEFENDANT'S ATTORNEY AND OTHER INTERESTED PARTIES:

1. Name of Defendant(s) against whom default judgment is sought *(Name)*:
   CHARTER ONE BANK

2. Plaintiff filed the Complaint in the above-captioned proceeding on *(specify date)*: 2/24/10

3. The Summons and Complaint were served on Defendant by  ☐ Personal Service  ☒ Mail Service
   on the following date *(specify date)*: 3/2/10

4. A conformed copy of the completed Return of Summons form is attached hereto.

5. The time for filing an Answer or other response expired on *(specify date)*: 3/29/10

6. No Answer or other response has been filed or served by Defendant.

7. The default of Defendant:
   a. ☐ Has not yet been entered, but is hereby requested
   b. ☒ Was entered on *(specify date)*: 4/16/10

8. **A Status Conference:**
   a. ☐ Is scheduled for *(specify date, time, and place)*:
   b. ☒ Was held on *(specify date, time, and place)*: 5/6/10

*(Continued on next page)*

---

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009

F 7055-1.2

| In re | CHAPTER: 13 |
|---|---|
| MARK NUQUES | |
| Debtor(s). | CASE NO.: 2:10-bk-10937-VZ |

9. As proof that Plaintiff is entitled to the relief requested in the Complaint, Plaintiff:
   a. ☐ Relies on the Complaint and documents attached thereto.
   b. ☒ Attaches the following documents to establish a prima facie case:
      (1) ☒ Declaration of *(specify)*: MARK NUQUES

      (2) ☒ Declaration of *(specify)*: NAHEH BAGHDASARIAN, REAL ESTATE APPRAISER

      (3) ☒ Other *(specify)*: Appraisal Report, Statement of OneWest Bank, Recorded Loan Modification Agreement with OneWest Bank; Proof of Claim of Charter One Bank and Deed of Trust of Charter One Bank

10. As further support for entry of a Default Judgment, Plaintiff submits a Memorandum of Points and Authorities *(Optional)*.

11. **DECLARATION OF NON-MILITARY STATUS:** No defendant named in Paragraph 1 above is in the military service so as to be entitled to the benefits of the Servicemembers Civil Relief Act (Pub. L. 108-189) (50 U.S. Code App. §§ 501-594). The undersigned declares under penalty of perjury that this statement of defendant's non-military status is true and correct and is made under penalty of perjury under the laws of the United States of America based upon the undersigned's review of said Defendant's Statement of Affairs and Statement of Income and Expenditures filed in this case and is based upon the undersigned's lack of any information or belief that there has been any change of circumstances as to defendant's non-military status.

12. Defaulting party is not an infant or incompetent party.

WHEREFORE, Plaintiff prays that this Court enter a Default Judgment in favor of Plaintiff. A Copy of the proposed Default Judgment is submitted herewith and has been served.

Dated: 5/19/10

Respectfully submitted,

Law Offices of Danelle M Lloyd
*Firm Name*

By: *[signature]*

Name: Danelle M Lloyd
*Attorney for Plaintiff or Plaintiff*

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009    F 7055-1.2

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### FACTS

1) This Adversary arises out of a Bankruptcy case was commenced on January 11, 2010 by the filing of a Chapter 13 Petition by Plaintiff's, Mark Nuques (the "Plaintiff").

2) One of the main assets of the estate is the Plaintiff's Primary Residence located at 15104 La Sabana Drive La Mirada, CA 90638 ("Real Property"). This property is situated in the County of Los Angeles, State of California.

3) Plaintiff asserts and the attached evidence illustrates that the fair market value of the Real Property is $310,000. See Residential Appraisal Report dated December 25, 2009 attached hereto as Exhibit 1 and incorporated by reference.

4) At the time this case was commenced, the Plaintiff's Real Property had a First Trust Deed held by OneWest Bank, with an approximate balance of $406,131.79 and a Second Trust Deed held by Charter One Bank, with a balance of $51,955.89. See Exhibits 2-5 attached hereto and incorporated by reference.

5) Valuation of the security at this time is necessary for the purpose of avoiding the Second Trust Deed holder's lien asserted by Charter One Bank and modifying said claimant's rights.

### II.

## PLAINTIFFS SEEK A DETERMINATION OF THE VALUE OF THE PROPERTY

Rule 1001 of the Federal Rules of Bankruptcy Procedure (FRBP) states that, "these rules shall be construed to secure the just, speedy, and inexpensive determination of every case and proceeding." This objective of "expeditious and economical administration" of cases under the Bankruptcy Code has been recognized by the courts to be a "chief purpose of the bankruptcy laws." *See Katchen v. Landy* 328 U.S. 323, 328 (1966).

With this goal in mind and pursuant to FRBP Rule 3012 whereby "[t]he court may determine the value of a claim secured by a lien on property in which the estate has an interest on motion of any party in interest and after a hearing on notice to the holder of the secured claim and any

other entity as the court may direct," Plaintiff requests that this Court determine the value of the Real Property to be $310,000.

FRBP 3012 implements Section 506(a) of the Bankruptcy Code with respect to valuation of a secured claim in order to determine the extent to which it is secured and the extent to which it is unsecured. Plaintiff seeks to cancel the claimant's lien to the extent permitted under 11 USC § 506(a); 1322 (b)(2) and 1325 by so providing in their Plan.

## THE PLAINTIFF SEEKS TO AVOID THE SECOND TRUST DEED UNDER 11 U.S.C. § 506 (a) BECAUSE IT IS WHOLLY UNSECURED

Under 11 U.S.C. § 506(a), a secured claim is secured only to the extent of the value of the collateral and unallowed secured claims are void or cancelled.

"[a]n allowed claim of a creditor secured by a lien on property in which the estate has an interest,…is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property,…and is an unsecured claim to the extent that the value of such creditor's interest…is less that the amount of such allowed claim."

Section 506 is a section of general applicability and a Chapter 13 case allows bifurcation of a claim into secured and unsecured portions. *Wilson v. Commonwealth Mortgage Corp. 895 F.2d 132,22 C.B.C. 2d 561 (3d Cir. 1990)*. This section has caused controversy in Chapter 13 cases because 11 U.S.C. § 1322(b)(2) prohibits the modification of the rights of the holders of claims secured only by the Plaintiff's principal residence. However, the Ninth Circuit Bankruptcy Appellate Panel held in *Lam v. Investors Thrift (In re Lam) 211 B.R. 36 (9th Cir B.A.P. 1997)*, that the protection of § 1322 (b)(2) does not apply to holders of totally unsecured claims. See also *Zimmer v. PSB Lending Corp (In re Zimmer) 313 F.3d 1220(9th Circuit 2002)*.

Since the value of Plaintiff's Real Property is $310,000 (see Exhibit 1) and the First Trust Deed of One West Bank is $ 406,131.79 (see Exhibit 2); the Second Trust Deed of Charter One is wholly unsecured and can be avoided or "stripped."

## CHARTER ONE'S HOME LOAN'S RIGHTS MAY BE MODIFIED AS WHOLLY UNSECURED LIENHOLDER UNDER 11 U.S.C §1322(b)(2) AND MAY BE TREATED AS AN UNSECURED CREDITOR

Prior to the passage of the BAPCPA of 2005, several courts had already held that *Nobleman v. American Savings Bank* 13 S.Ct. 2106 (1993) was inapplicable when senior liens were in excess of the fair market value of the property. Therefore, the instant case would fall outside the protection otherwise afforded by *Nobleman* because the Second Trust Deed is wholly unsecured.

Under *Nobleman*, if any portion of the lien is secured, it cannot be stripped. Therefore, when a lien is wholly unsecured, it can be stripped. Most courts and the 9th Circuit Bankruptcy Appellate Panel, interpret *Nobleman* to require the existence of an allowed secured claim in order to apply the protection provided by the modification in 11 U.S.C § 1322(b)(2).

In the instant case, Charter One is the SECOND Deed of Trust on the Real Property. Furthermore, there can be no contention that the SECOND deed of trust is secured since the property has a value of $310,000 (Exhibit 1) and One West holds a FIRST Deed of Trust in the amount of $406,131.79(Exhibit 2). Therefore Charter One's SECOND Deed of Trust is wholly unsecured and *Nobleman* does not apply.

Given that Charter One's SECOND Deed of Trust is a wholly unsecured claim on Plaintiff's Real Property, it cannot seek protection of 11 U.S.C § 1322(b)(2) and Plaintiff may modify the claim and avoid claimant's lien. Therefore, Charter One's SECOND Deed of Trust should be extinguished and treated as unsecured for the purposes of this Chapter 13 proceeding.

## THE HOLDING IN RE: DEWSNUP IS INAPPLICABLE BECAUSE IT IS DISTINGUISHED FROM A LIEN STRIPPING IN A CHAPTER 7 CASE

The ruling in the Chapter 7 case of *Dewsnup v. Tim 502 US410, 112 S.Ct. 773, 116 L.Ed.2d. 90 (1992)* has no application to the current Chapter 13 case. The cases relevant to the instant case are those Chapter 13 cases cited by the Plaintiff above that conclude that a Chapter 13 plan may modify the rights of claim holders, other than those secured only by security interest in real property that is the Plaintiff's principle residence.

### III.

### CONCLUSION

WHEREFORE, the Plaintiff requests that the Court grant this motion and issue an default judgment which:

1. Establishes the value of the Real Property to be $310,000
2. Determines that the lien of OneWest Bank is secured in the amount of $310,000.
3. Determines that Charter One's SECOND Deed of Trust claim is wholly unsecured;
4. Extinguishes the lien of Charter One bank and permit modification of the claim under 11 U.S.C § 1322(b)(2); AND
5. For other such relief as the Court deems proper.

Dated: 5/5/10

Law Offices of Danelle Lloyd

Danelle M Lloyd, esq.

Attorney for Plaintiff/Debtor

## DECLARATION OF MARK NUQUES

I, Mark Nuques, if called as a witness to testify would and could testify to the following facts:

1. I am the Debtor in the Chapter 13 Case Number 2:10-bk-10937-VZ and I am personally familiar with the facts stated in this declaration.

2. The Real Property located at 15104 LaSabana Drive La Mirada, CA 90638 is my primary residence. I am of the opinion that the real property has a market value of $310,000.

3. In contemplation of filing this bankruptcy case, I obtained an appraisal on December 25, 2009 for the Real Property. A copy of the appraisal is attached hereto and marked as Exhibit 1.

4. The balance owed to the FIRST Deed of Trust holder, OneWest Bank is $406,131.79. This information was obtained from the November 18, 2009 statement from them, which is the most recent statement that was sent to me. A true and correct copy of this statement is attached hereto and marked as Exhibit 2.

5. The balance owed to the SECOND Deed of Trust holder, Charter One, is approximately $51,955.89. This information was obtained by the proof of claim filed by Charter One. A true and correct copy of which is attached hereto and marked as Exhibit 3

6. The FIRST Deed of Trust of OneWest Bank, was taken out on April 25, 2006. The original Deed of Trust was recorded on April 26, 2006 as Document No 060911383. This Deed of Trust was modified on August 5, 2009 to provide for a step interest rate and capitalization of arrears on the mortgage. A true and correct copy of the recorded Loan Modification Agreement, which was recorded on September 28, 2009 is attached hereto and marked as Exhibit 4.

7. The SECOND Deed of Trust of Charter One Bank was taken out on August 30, 2007. It was recorded on September 27, 2007. A true and correct copy of the recorded SECOND Deed of Trust is attached hereto and marked as Exhibit 5.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: 4/26/10

Mark Nuques
Plaintiff/Debtor

Page 5 of 6

## DECLARATION OF VAHEH BAGHDASARIAN

I, Vaheh Baghdasarian, if called as a witness to testify would and could testify to the following facts:

1. I am a licensed by the State of California to perform real estate appraisals (License # AR001876). I have personal knowledge of the facts set forth in this declaration

2. I was retained by the debtor, Mark Nuques, to examine and appraise the Real Property located at 15104 La Sabana Drive La Mirada, CA 90638. Attached hereto and marked as Exhibit 1 is a true and correct copy of my appraisal report.

3. In determining the fair market value of the Property, I used the sales comparison approach. In preparing the appraisal report, I performed market research, inspected the property (both interior and exterior), measured the property to determine square footage, and surveyed the immediate neighborhood.

4. Based on these factors, as well as my training, education and experience as a real estate appraiser, it is my professional opinion that the Real Property had a fair market value of $310,000 as of December 25, 2009.

5. I have no present or contemplated future interest in the property. Neither my employment not my compensation for this appraisal is contingent upon the value found.

6. I have no personal interest or bias with respect to the subject matter of the appraisal report or the parties involved.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: 4/20/2010

_V. Baghdasarian_
Vaheh Baghdasarian

Notice of Motion (with Hearing) - *Page 2*  F 9013-1.1

| In re Mark Nuques vs. Charter One Bank | CHAPTER: 13th |
|---|---|
| Debtor(s). | CASE NO.: 2:10-ap-01240-VZ |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
4001 Inglewood Avenue Suite 101-274 Redondo Beach, CA 90278

A true and correct copy of the foregoing document described as Notice of Motion and Motion for Default Judgment; Memorandum of Points and Authorities, Declarations and Exhibits Attached will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addressed indicated below:

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL (indicate method for each person or entity served):**
On 5/20/10 I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☑ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL (indicate method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method) by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 5/20/10 | Evelyn Ochoa | *Evelyn Ochoa* |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009  F 9013-1.1

Service List – All parties served by US Mail

<u>Debtor</u>:
Mark Nuques
15104 LaSabana Drive
La Mirada, CA 90638

Chapter 13 Trustee
Nancy Curry
606 South Olive Street Suite 950
Los Angeles, CA 90014

Charter One Bank – From POC
480 Jefferson Blvd
RJE135
Warwick, RI 02886

Charter One Bank, A subsidiary of Citizens Financial Group, Inc
Agent for Service of Process
Corporation Service Company
222 Jefferson Blvd
Warwick, RI 02888

Charter One Bank, A subsidiary of Citizens Financial Group, Inc
Attn: Ellen Alemany, Chief Executive Officer
One Citizens Plaza
Providence, RI 02903

United States Bankruptcy Court
255 E Temple Street #1360
Los Angeles, CA 90012
Attn: Judge Zurzolo's Chambers